**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0119n.06

No. 08-4458

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 24, 2010**
LEONARD GREEN, Clerk

JASON WESTERFIELD,

    **Plaintiff-Appellant.**

v.

UNITED STATES OF AMERICA; LEE LUCAS;
ROBERT CROSS; CHUCK METCALF; MATT
MAYER; LARRY FAITH; JAMAAL ANSARI,

    **Defendants-Appellees.**

)
)
)
)
)
)
)
)
)

**ON APPEAL** FROM THE
UNITED STATES DISTRICT
COURT FOR THE
NORTHERN DISTRICT OF
OHIO

**O P I N I O N**

BEFORE: NORRIS, COOK, and GRIFFIN, Circuit Judges.

    **ALAN E. NORRIS, Circuit Judge.** Plaintiff Jason Westerfield filed this civil rights action against numerous law enforcement officers and the governmental entities that employed them after he was indicted, prosecuted, and acquitted of federal drug trafficking charges stemming from a flawed criminal investigation. The defendants filed motions for summary judgment based upon qualified immunity, which the district court granted because plaintiff failed to produce any admissible evidence to counter the affidavits defendants filed in support of their motions. Plaintiff appeals on the ground that a stay of discovery prevented him from adequately responding to defendants, and that two exploratory affidavits his counsel submitted should have led the court to "order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken." *See* Fed. R. Civ. P. 56(f)(2).

**I.**

In its opinion granting summary judgment, the district court explained the genesis of

plaintiff's prosecution. While we recognize that plaintiff has not had a full opportunity to develop

evidence due to the stay of discovery, the factual summary offered by the district court is not in

dispute and we therefore offer it here by way of background:

> On December 31, 2004, the body of Timothy Harris was discovered in Richland County. It was believed that the death was drug related, and plaintiff became a suspect in Harris's death. Thereafter, the Richland County Sheriff's Office began an ongoing investigation into the area's drug trade. In March of 2005, defendant [sheriff's deputy Chuck] Metcalf organized two controlled drug buys from plaintiff. Jarrell Bray, a confidential informant, was used to make the controlled drug buys. Prior to the buys, Richland County personnel searched Bray's vehicle. He was then followed to the buy location. An effort to record the buy was also made. After completion of the buy, Bray was followed to a predetermined location, whereupon Richland County law enforcement officers again searched his vehicle. According to the affidavits provided by the Richland County Defendants, Bray had previously provided reliable information to the sheriff's office. In addition, each defendant was provided additional information regarding Bray and none had any reason to doubt Bray's veracity.
>
> On March 16, 2005, plaintiff was arrested and incarcerated on charges unrelated to the drug investigation. Within a week of his arrest, he made a telephone call to a former roommate and told her to take his belongings and give them to Jacquoia Ginn. Thereafter, a search warrant was executed at Ginn's residence and certain drug paraphernalia was discovered. It appears that plaintiff has been incarcerated since his arrest.
>
> In August of that year, the Richland County Sheriff's Office contacted the DEA and requested assistance with their drug investigation. None of the Richland County defendants made the decision to contact the DEA. Nor did they make any recommendations regarding which federal charges to file against plaintiff.
>
> Subsequently, on March 15, 2006, a federal grand jury returned a 55-count superseding indictment against numerous defendants, including plaintiff. Plaintiff was charged with conspiracy to distribute crack and cocaine from the winter of 2004 through November 8, 2005. In addition, plaintiff was charged with seven counts related to possession with the intent to distribute crack on specific dates. Two of those counts stem from the recovery of drug paraphernalia at Ginn's residence. Other

than the conspiracy count, all of the charges filed against plaintiff predate the DEA's involvement in the investigation. In addition, plaintiff was already incarcerated at the time the DEA began assisting the Richland County Sheriff's Office.

Plaintiff was convicted by a jury for one count of possession with intent to distribute crack cocaine. This charge related to the discovery of drug paraphernalia at Ginn's residence. Plaintiff was acquitted on five counts, including the conspiracy count, and the jury was unable to reach a verdict with respect to the two remaining counts. Many of the other 22 defendants charged in the conspiracy were also convicted of charges stemming from the investigation. Subsequently, Bray informed authorities that he had fabricated evidence during the investigation. According to newspaper articles, many individuals involved in the investigation, including defendant [DEA agent Lee] Lucas, knew of and may have participated in the fabrication of evidence. Plaintiff points out that many of his co-defendants were released from prison upon motion by the government. Plaintiff, however, remains in prison and is currently challenging his conviction on appeal. Because the charge for which he was convicted did not involve the use of Bray as an informant, he has not raised this issue in his criminal appeal.

Memorandum of Opinion and Order, Aug. 8, 2008, at 2-4 (footnote omitted).

In 2007, plaintiff filed suit alleging that defendants violated his constitutional rights in the conduct of their drug trafficking investigation. In addition to the civil rights claims brought pursuant to 42 U.S.C. § 1983, the complaint also included a claim against the United States pursuant to the Federal Tort Claims Act, as well as pendent state-law claims. Only the § 1983 claims against the individual defendants are before us on appeal.

Drug Enforcement Agency ("DEA") agent Lucas, who is currently under federal indictment in the Northern District of Ohio, for his role in the investigation, *United States v. Lucas*, No. 1:09-CR-00222-SO, moved the district court for a stay of discovery. Lucas stated in his supporting memorandum that "[i]f discovery is allowed to proceed apace in this litigation, individual defendants may be forced to invoke their Fifth Amendment privilege against self-incrimination pending the

outcome of [a Department of Justice] investigation." The district court initially denied the motion, but ultimately granted a stay until August 11, 2008.

On April 30, 2008, while the stay was in place, the individual defendants filed their summary judgment motions. Plaintiff responded on July 3, 2008. These responses did not include affidavits from potential witnesses or other admissible evidence. However, plaintiff's counsel did attach press reports, primarily from *The Cleveland Plain Dealer*, which discussed the problems that beset the Richland County drug trafficking investigation. She also submitted her own unsworn affidavit that included the following averments:

3. [I] have reviewed pleadings and pertinent newspaper articles. I have also interviewed a number of Mansfield citizens who claim that they, like Plaintiff, were falsely implicated for federal drug offenses based on Defendants' manipulated and fictitious evidence.

4. This Court imposed a stay of discovery before any discovery was initiated. Because Plaintiff has not yet had the opportunity to conduct discovery, he cannot present admissible facts such as affidavits or sworn testimony essential to justify his opposition to Defendants' Motion[s] for Summary Judgment.

5. Once discovery is permitted to go forward, Plaintiff expects to obtain the following evidence that supports that Defendants' knowingly engaged in illegal conduct: audiotapes, videotapes, deposition testimony, affidavits, police reports, reports from the Drug Enforcement Agency, grand jury testimony, witness statements, and any other relevant evidence.

The district court granted summary judgment to defendants. In the course of its opinion, the court made the following observations about the shortcomings of plaintiff's response to the motions for summary judgment:

In this matter, plaintiff fails to come forward with any evidence supporting his claim. Plaintiff does, however, submit an affidavit from his counsel. In the affidavit, counsel states that she expects to obtain the following evidence: audiotapes, videotapes, deposition testimony, affidavits, police reports, reports from the DEA, grand jury testimony, witness statements and any other relevant evidence. Counsel also notes that this Court stayed discovery until after the resolution of the qualified immunity issue.

Although a party may invoke Rule 56(f) in response to a motion for summary judgment, the party supplying the affidavit must state why discovery is necessary. *See Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). To fulfill Rule 56(f)'s requirements, plaintiff must "state with some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment." *Summers*, 368 F.3d at 887 (internal quotations omitted) (district court erred in determining that additional discovery was required before ruling on motion for summary judgment based on qualified immunity in absence of proper affidavit).

The affidavit submitted by plaintiff's counsel states only in very general terms the items plaintiff hopes to obtain. For example, counsel avers that she hopes to obtain "audiotapes, videotapes, deposition testimony, affidavits [and similar items]." These items, however, are commonly obtained in every discovery process. Plaintiff fails to identify any evidence specific to this case that he believes will be obtained during discovery. Moreover, there is no indication as to how the receipt of the general materials he does identify might help assist him in defeating defendants' summary judgment motions. In addition, although this Court stayed discovery in this matter, plaintiff did not move the Court for particular discovery or indicate in the affidavit or otherwise, what specific discovery would be needed to defeat defendants' motions. Moreover, plaintiff fails to attempt to point to any particular factual dispute that would require additional discovery. Accordingly, in the absence of any evidence from plaintiff, the Court concludes that defendants are entitled to qualified immunity because plaintiff fails to adduce any facts demonstrating that defendants violated plaintiff's constitutional rights. As such, summary judgment in favor of defendants is warranted with respect to plaintiff's claims for violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments.

Memorandum of Opinion and Order, Aug. 8, 2008, at 9-10 (footnote and citation omitted).

Plaintiff responded to this adverse ruling by filing a motion for relief pursuant to Federal

Rules of Civil Procedure 59 and 60(b). Counsel attached an amended affidavit that provided

additional detail about what plaintiff expected to seek in the course of discovery: doctored audio and video tapes of undercover drug purchases; the deposition testimony of Jarrell Bray "admitting that he conspired with Defendants to frame Plaintiff"; depositions of the individual defendants "in which they admit committing certain illegal conduct"; deposition testimony from "stand-in drug purchasers admitting their role in conspiring with Defendants to frame innocent people"; police and DEA reports documenting misconduct; and "documents from the United States Attorney's Office indicating that the government was fully aware of Defendant Lucas' fictionalized testimony as early as 2003."

In a brief order, the district court denied plaintiff's motion for reconsideration:

> The Court . . . finds that the second affidavit does not warrant reconsideration. Plaintiff offers no justification for his failure to provide a proper affidavit in the first instance. The Court simply will not afford parties a second opportunity to litigate matters already considered and decided by the Court.

Order, Sep. 19, 2008, at 3.

This appeal followed.

## II.

### A. The Notice of Appeal

Before we reach the merits of this appeal, we must determine which of the district court's orders are under review. Among other things, the Federal Rules of Appellate Procedure require an appealing party to "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). The notice of appeal in this case contains some ambiguity in this regard because it states that plaintiff seeks to appeal "the District Court's grant of summary judgment and entry of judgment

in favor of Defendants-Appellees, entered on the [sic] September 19, 2008." As mentioned earlier, it was the district court's order denying plaintiff's motion for reconsideration that was entered on September 19, 2008, not its opinion and order granting summary judgment. While parties generally must comply with the appellate rules in order to perfect an appeal, we have long taken the position that, absent a showing of prejudice, technical errors respecting the sufficiency of the notice of appeal will be found harmless. *McLaurin v. Fischer*, 768 F.2d 98, 102 (6th Cir. 1985). No prejudice occurred here because the defendants assumed in their briefs that the summary judgment order was at issue and, if anything, the order denying the motion for reconsideration is merely a coda to that order. Further, even if we were to conclude that the notice of appeal designated only the order denying the motion for reconsideration, we would still have jurisdiction to review the grant of summary judgment because "the law is well settled that an appeal from a final judgment draws into question all prior non-final rulings and orders." *Id.* at 101; *see also Foman v. Davis*, 371 U.S. 178, 181 (1962) (court of appeals should have treated notice of appeal from denial of Rule 59(e) motion as also seeking review of underlying judgment even though notice failed to designate judgment).

In sum, we conclude that both orders of the district court are before us on appeal.

**B. The Denial of Plaintiff's Rule 59 Motion**

"Generally, the denial of a motion to reconsider is reviewed for an abuse of discretion. However, when a Rule 59(e) motion seeks reconsideration of a grant of summary judgment, this Court conducts a *de novo* review using the same legal standard employed by the district court." *Gage Prods. Co. v. Henkel Corp.*, 393 F.3d 629, 637 (6th Cir. 2004) (citations omitted).

As the district court correctly noted in its order denying relief, the Federal Rules of Civil Procedure do not provide for motions for reconsideration. Instead, if such a motion is filed within ten days of judgment and invokes Rule 59(e), it will be deemed a motion to alter or amend the judgment. Such motions may be granted to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Newly discovered evidence must have been previously unavailable. *Id.*

In addition to her amended affidavit, plaintiff's counsel attached a newspaper article from the *Cleveland Plain Dealer* to the motion for reconsideration. While the motion conceded that this and other newspaper accounts attached to earlier pleadings were not "evidence," it urged the district court to consider them because they "give a glimpse into what discovery is likely to reveal."

The district court declined that invitation because plaintiff had produced no new evidence, and counsel's amended Rule 56(f) affidavit[1] contained nothing that could not have been provided in the first instance.

If we examine the three factors set out in *GenCorp*, *supra*, as grounds for granting motions filed pursuant to Rule 59, it is apparent that two of the three do not apply here. Plaintiff points to no clear error of law committed by the district court, nor does she identify any newly discovered evidence. That leaves us with the third factor: the prevention of "manifest injustice." *GenCorp*, 178 F.3d at 834. The manifest injustice standard presents plaintiff with a high hurdle. The bare bones affidavit submitted by plaintiff's counsel in opposing summary judgment was rightly criticized by the district court as inadequate. Counsel recognized as much and attempted to rectify this shortcoming by submitting a more detailed amended affidavit—something, we note, that should have (and could have) been done in response to the motions for summary judgment. Under the circumstances, we sympathize with the instinct of the district court to deny "parties a second

---

[1]We note that neither affidavit submitted by counsel refers specifically to Fed. R. Civ. P. 56(f). However, it is clear from their contents that they were drafted with that provision in mind. That rule provides in relevant part as follows:

> **When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.

Fed. R. Civ. P. 56(f).

opportunity to litigate matters already considered and decided by the Court." Order, Sep. 19, 2008, at 3.

That said, we believe that the district court erred in denying plaintiff's Rule 59 motion under the circumstances before us. First, unlike the first affidavit submitted by plaintiff's counsel, the amended affidavit complies with the spirt of Rule 56(f): it states with particularity why an opportunity to conduct discovery is crucial by detailing what discovery plaintiff would seek, what it might uncover, and how it would affect her ability to prove her client's allegations. In that respect, it differs markedly from both counsel's first affidavit and the affidavit found wanting by this court in *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (finding that a conclusory allegation already cited in the complaint is too vague to satisfy Rule 56(f)). Second, the remedy plaintiff seeks is not judgment in his favor; he simply desires an opportunity to conduct discovery. Third, while any further litigation will arguably burden defendants to some extent, the district court may minimize that burden by fashioning a discovery order limited to the issue of qualified immunity. Finally, denying *any* discovery in this case, when it appears from the amended affidavit that the allegations in the complaint—at least with respect to some defendants – are anything but frivolous, would work a manifest injustice on plaintiff. We concede that the resolution of this question requires delicate balancing. However, because we review the matter *de novo*, we choose to tip the scale in favor of plaintiff and hold that the district court should have granted his Rule 59 motion and considered the second affidavit.

## C. Denial of Summary Judgment

We turn now to the grant of the summary judgment. In doing so, we assume that the amended Rule 56(f) affidavit submitted by counsel should have been before the district court.

While we typically apply *de novo* review to summary judgment decisions, "[t]his court reviews for abuse of discretion a claim that summary judgment was prematurely entered because additional discovery was needed. . . ." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) (quoting *Vance ex rel. Hammons v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996)). "Typically, when the parties have no opportunity for discovery, denying the Rule 56(f) motion and ruling on a summary judgment motion is likely to be an abuse of discretion." *Id.* (citing *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)). An exception to this general rule occurs when the Rule 56(f) affidavit is "too vague" or fails to detail what the non-moving party hopes to uncover. *Id.* (citing cases). Were we reviewing only the initial affidavit submitted by counsel, which is all that the district court had before it, these exceptions would apply and no abuse of discretion would have occurred. However, because we consider the district court's summary judgment decision in light of the amended affidavit, we hold that the lack of discovery resulted in an abuse of discretion for the reasons discussed in the previous section of this opinion.

## D. Proceedings on Remand

We stress that on remand the district court may fashion a discovery order that is limited to the issue of qualified immunity, recognizing that the case law concerning qualified immunity makes clear that the doctrine exists to make certain that governmental officials who perform discretionary functions are protected from insubstantial claims; hence, the trial courts are instructed to rule on such motions at the earliest opportunity. *See generally Phillips v. Roane County, Tenn*, 534 F.3d 531, 539

(6th Cir. 2008) (discussing purposes underlying qualified immunity); *see also Summers*, 368 F.3d at 886 ("[W]hen faced with a motion based on qualified immunity, a district court can not avoid ruling on the issue."); *Everson v. Leis*, 556 F.3d 484, 492 (6th Cir. 2009) ("If a district court can thwart interlocutory appeal by refusing to address qualified immunity through abeyance rather than dismissal, then the district court can effectively ignore this court's directive that district courts address qualified immunity promptly."). Nothing in our decision in this case should be construed as modifying that fundamental doctrine. Moreover, when the limited discovery contemplated on remand is completed, defendants will be permitted to renew their motions.

**III.**

The judgment of the district court is **reversed** and the cause **remanded** for proceedings consistent with this opinion.