NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0595n.06

**Nos. 11-3607, 11-3608**

FILED

*Jun 08, 2012*

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JASON WESTERFIELD, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| UNITED STATES OF AMERICA, et al., | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendants, | ) | |
| | ) | |
| and | ) | O P I N I O N |
| | ) | |
| LEE LUCAS and CHUCK METCALF, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

**BEFORE: KEITH, McKEAGUE and DONALD, Circuit Judges.**

**McKEAGUE, Circuit Judge.** This is an appeal from an interlocutory ruling by the district

court denying qualified immunity to two defendant law enforcement officers on plaintiff's claim

under 42 U.S.C. § 1983 that they violated his constitutional right to a fair trial by wrongfully

suppressing evidence favorable to him.[1] Defendants contend the subject evidence was not "material"

_____

[1]This is a second appeal involving the qualified immunity defense. In an earlier ruling, the
district court granted the defendant law enforcement officers summary judgment based on qualified
immunity. A panel of this Court reversed the ruling and remanded for further proceedings, finding
the district court abused its discretion by improperly limiting discovery on the qualified immunity
question. *Westerfield v. United States*, 366 F. App'x 614 (6th Cir. 2010). This appeal addresses the
ruling produced on remand.

and its nondisclosure was not a *Brady* violation because there is no reasonable probability that the result of the prosecution would have been different if the evidence had been disclosed. On due consideration, we affirm the ruling of the district court.

**I**

Plaintiff Jason Westerfield was found guilty by a jury of possessing crack cocaine with intent to distribute it on July 26, 2006. He was sentenced to a prison term of 360 months on March 8, 2007. In the meantime, Westerfield had pleaded guilty to being a felon in possession of a firearm, for which he was sentenced to a prison term of 180 months on March 6, 2007. The later 360-month sentence was made to run concurrently with the earlier 180-month sentence, which was subsequently reduced to 100 months.

The government's case against Westerfield on the cocaine possession charge was based in part on the testimony of Detective Chuck Metcalf of the Richland County Sheriff's Office. Metcalf testified regarding the execution of the search warrant that led to discovery and seizure of the cocaine Westerfield was found guilty of possessing. Metcalf was the only prosecution witness who testified about the actual discovery and seizure of the cocaine. That is, without his testimony, the government's case would have suffered from a critical deficiency. Westerfield does not challenge the substance of Metcalf's testimony. However, he contends the prosecution failed to disclose information that he could have used to impeach Metcalf's credibility. This information consists of Metcalf's knowledge, and the knowledge of his co-defendant DEA Agent Lee Lucas, that Metcalf had given perjurious testimony against one of Westerfield's co-defendants, Dwayne Nabors, earlier in the trial.

There is no question about the falsity of Metcalf's testimony against Nabors.[2]  Nor is there any dispute, for purposes of deciding the qualified immunity issue at the summary judgment stage, that both Metcalf and Lucas were aware of the falsity of Metcalf's testimony.  Further, there is no dispute that the information could have been used by the defense for impeachment and should have been disclosed by the prosecution.  At issue is whether suppression of the impeaching evidence is shown to have prejudiced Westerfield's defense.  The district court was satisfied that prejudice was sufficiently shown by virtue of the government's own concession that it had failed to disclose "material impeaching evidence" and that Westerfield's conviction should be vacated.  Yet, Metcalf and Lucas maintain that their knowledge of the falsity of Metcalf's testimony against Nabors had only marginal impeaching value in Westerfield's case.  Notwithstanding the government's concession, they insist that their nondisclosure of this information should not be deemed to undermine confidence in the jury's verdict that Westerfield was guilty of cocaine possession.

**II**

Ordinarily, denial of a motion for summary judgment is an interlocutory ruling, not a "final order," and is not subject to immediate appeal.  28 U.S.C. § 1291; *Harrison v. Ash*, 539 F.3d 510, 521 (6th Cir. 2008).  Yet, an order denying qualified immunity to a public official is immediately appealable pursuant to the "collateral order" doctrine.  *Harrison*, 539 F.3d at 521; *Leary v. Livingston County*, 528 F.3d 438, 447 (6th Cir. 2008).  This is a narrow exception.  Appellate jurisdiction exists "only to the extent that a summary judgment order denies qualified immunity

---

[2]In a subsequent criminal prosecution, Metcalf was charged with a criminal civil rights violation and ultimately pleaded guilty to presenting false evidence against Nabors at trial.

based on a pure issue of law." *Leary*, 528 F.3d 447-48 (quoting *Gregory v. City of Louisville*, 444 F.3d 725, 742 (6th Cir. 2006)). We are satisfied that the question here presented by defendants' assertion of the qualified immunity defense at the summary judgment stage, challenging the evidentiary support for a finding that the admittedly suppressed *Brady* information was "material," is such a pure issue of law and the district court's decision is immediately reviewable. *See Modowan v. City of Warren*, 578 F.3d 351, 369-71 (6th Cir. 2009).

**III**

Qualified immunity shields government officials from liability for civil damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009). Qualified immunity ordinarily applies unless it is obvious that no reasonably competent official would have concluded that the actions taken were unlawful. *Ewolski v. City of Brunswick*, 287 F.3d 492, 501 (6th Cir. 2002). Qualified immunity "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 343, 341 (1986)).

Plaintiff Westerfield bears the burden of showing that defendants are not entitled to qualified immunity. *Untalan v. City of Lorain*, 430 F.3d 312, 314 (6th Cir. 2005). Westerfield must show, viewing the evidence in the light most favorable to him, both that a constitutional right was violated and that the right was clearly established at the time of the violation. *Scott v. Harris*, 550 U.S. 372, 377 (2007). The district court's decision is reviewed de novo. *Ewolski*, 287 F.3d at 501.

**IV**

Westerfield contends the prosecution violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose its knowledge of the falsity of Detective Metcalf's testimony. He contends the defense could have used this information to impeach Metcalf's credibility. Metcalf was the only prosecution witness who testified about the actual discovery and seizure of the cocaine Westerfield was found guilty of possessing. If Metcalf had been effectively impeached and the jury had been persuaded to reject his testimony in its entirety, then, Westerfield argues, the prosecution's case would have suffered from a critical deficiency.

In *Beuke v. Houk*, 537 F.3d 618, 633 (6th Cir. 2008), we summarized the requirements of *Brady* as follows:

> *Brady* requires the prosecution to disclose exculpatory and impeachment evidence that is "material either to guilt or to punishment." *Strickler v. Greene*, 527 U.S. 263, 280 (1999) (quoting *Brady*, 373 U.S. at 87). "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). A *Brady* violation has three elements: (1) the evidence "must be favorable to the accused, either because it is exculpatory, or because it is impeaching"; (2) the "evidence must have been suppressed by the state, either willfully or inadvertently"; and (3) "prejudice must have ensued." *Strickler*, 527 U.S. at 281-82.

In determining whether "withheld information was material and therefore prejudicial," we consider it "in light of the evidence available for trial that supports [Westerfield's] conviction." *Jells v. Mitchell*, 538 F.3d 478, 502 (6th Cir. 2008). "[E]vidence is 'material' within the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Cone v. Bell*, 129 S.Ct. 1769, 1783 (2009). "[A] showing

of materiality does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in [Westerfield's] acquittal." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). Favorable evidence is material if it "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Cone*, 129 S.Ct. at 1783 (quoting *Kyles*, 514 U.S. at 435). Ultimately, the question is whether in the absence of the suppressed evidence, Westerfield received "a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Montgomery v. Bobby*, 654 F.3d 668, 679 (6th Cir. 2011) (quoting *Kyles*, 514 U.S. at 434).

It is undisputed that these *Brady* requirements apply with equal force to individual law enforcement officers as well as to the prosecutor's office and that the rights and responsibilities recognized in *Brady* and its progeny were clearly established at the time of Westerfield's trial. *See Elkins v. Summit County, Ohio*, 615 F.3d 671, 676 (6th Cir. 2010); *Moldowan*, 578 F.3d at 379-83.

## V

The district court relied heavily on the government's concession in determining that the information wrongfully suppressed by Metcalf and Lucas was "material." Indeed, the words of the Assistant U.S. Attorney on behalf of the government are telling:

> Given that Metcalf, clearly a member of the prosecution team here, did not disclose his false testimony to the prosecution or the defense during the Nabors trial, the government concedes that it failed to disclose material impeaching information to the defense. Metcalf was a material witness in the Westerfield prosecution, and was the only witness to testify at trial about the finding of the box that contained the crack cocaine for which Westerfield was convicted by the jury. Since the government did not disclose that Metcalf had committed perjury, even though the government was unaware of that fact at the time, and Westerfield was unable to

impeach Metcalf's testimony with that perjury, the government agrees that Westerfield is entitled to a new trial.

The government has examined the state of the evidence for purposes of a retrial in this case and believes that it cannot prevail under the proof beyond a reasonable doubt standard. In considering all of the available evidence and witnesses, and because the government respectfully declines to call a convicted perjurer to the stand to testify at a retrial, the government asks this Court to dismiss this case, No. 1:05CR537.

R. 125-12, Government's Response to Petitioner's Motion to Vacate Conviction and Sentence at 3-4.

Thus, the attorney for the prosecution—the one most familiar with the nature and strength of the government's proofs against Westerfield, the one whose duty it was to obtain a conviction if there was sufficient evidence of guilt—expressed the government's view, when the falsity of Metcalf's testimony was revealed, that confidence in the Westerfield verdict had been fatally undermined. That is, if the falsity of Metcalf's testimony against Nabors had been timely disclosed, and Westerfield had been able to use it to impeach Metcalf such that the jury was persuaded to reject Metcalf's testimony in its entirety, then the prosecution's case would have lacked evidence of the discovery and seizure of the actual cocaine, evidence necessary to satisfy an essential element of the charged offense. Moreover, the government was not only unwilling to rely on Metcalf's testimony in a future prosecution, but also conceded that it lacked the wherewithal, among the other available witnesses and evidence, to replace Metcalf's testimony. The government therefore consented to vacating Westerfield's cocaine possession conviction and, beyond that, requested outright dismissal of the charge.

Defendants Metcalf and Lucas criticize the district court's ruling for its over-reliance on the government's position in assessing the materiality of the suppressed information, but we find no

error. Defendants fail to identify any other witness or evidence that could replace Metcalf's testimony in proving the cocaine possession charge. They fail to explain why, if the government, on consideration of "all of the available evidence and witnesses," lacks confidence in the sufficiency of the evidence to convict Westerfield, an objective and impartial juror could not reasonably reach the same conclusion. Based on the existing record, we cannot say with confidence that Westerfield received a fair trial in the absence of the suppressed evidence. We therefore concur in the district court's assessment, at this stage of the proceedings, that Westerfield has made a sufficient showing of the materiality of the suppressed information. Further, because defendants' failure to disclose the falsity of Metcalf's testimony was not the product of an innocent mistake of judgment but a knowing violation of their *Brady* obligation, defendants are not entitled to qualified immunity.

## VI

Defendants contend, however, that Westerfield has failed to show he was injured by their *Brady* violation. Because the sentence imposed for the since-vacated cocaine possession conviction was made to run concurrently with the sentence imposed for the still valid felon-in-possession offense, defendants argue that Westerfield was not subjected to even a single day of wrongful incarceration as a result of their unlawful conduct. The district court summarily rejected the argument, observing that wrongful imprisonment is not prerequisite to maintaining a civil rights claim for denial of a fair trial.

Again, we agree with the district court. The fact that Westerfield has not suffered wrongful imprisonment does not necessarily preclude a showing that defendants' suppression of *Brady* material resulted in a denial of Westerfield's constitutional right to a fair trial compensable in

damages under 42 U.S.C. § 1983 for such injury as he is able to prove—e.g., impairment of reputation, personal humiliation, mental anguish and emotional distress, and including potentially punitive damages. *See Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 306-07 (1986); *Baumgardner v. Sec'y, U.S. Dep't of Housing and Urban Dev.*, 960 F.2d 572, 581-83 (6th Cir. 1992).

## VII

For the above reasons, the district court's ruling, denying qualified immunity to defendants Metcalf and Lucas, is **AFFIRMED**.